IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANESSA STEELE,
      Plaintiff,

  -vs-

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

Civil Action No. 17-743

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.**     **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security finding her no longer disabled within the meaning of the Social Security Act. Initially, Plaintiff was found to be disabled as of August 31, 1998. (ECF No. 7-2, p. 10). On October 5, 2005, Plaintiff's disability was determined to have continued. *Id.* On June 25, 2015, Plaintiff was found to no longer be disabled as of July 1, 2014. *Id.* Plaintiff requested a hearing. *Id.* Administrative Law Judge ("ALJ"), Alma S. de Leon, held a hearing on February 4, 2016. (ECF No. 7-3). On March 29, 2016, the ALJ found that Plaintiff's disability ended on July 1, 2014. (ECF No. 7-2, pp. 11-36).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). In cases involving a continuing disability review ("CDR"), entitlement to benefits will be reviewed periodically. 20 C.F.R. §§404.1594, 416.994. A beneficiary is no longer entitled to benefits where his/her medical condition improves to the extent that he/she can engage in substantial gainful activity. *Id.* Medical improvement is

2

defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." *Id.* At §§404.1594(b)(1); 416.994(b)(1)(i). "When new evidence showing a change in signs, symptoms and laboratory findings establishes that both medical improvement has occurred and your functional capacity to perform basic work activities, or residual functional capacity, has increased, we say that medical improvement which is related to your ability to do work has occurred." *Id.* at §§404.1594(b)(4)(i); 416.994(b)(iv)(A). Finally, the ALJ will consider whether the beneficiary is able to engage in substantial gainful activity. §§404.1594(b)(5); 416.994(b)(v).

**B.      Discussion**

Virtually all of Plaintiff's brief maintains that "there is substantial evidence that Plaintiff is unable to perform any work." (ECF No. 11, p. 7). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is entirely misplaced.

At the very end of her brief, in the penultimate sentence, Plaintiff suggests that the ALJ should have given great weight to the medical records of her treating doctors, Drs. Kreinbrook and Wentworth. (ECF No. 10, p. 13). This bold conclusion falls woefully short. Plaintiff provides no further argument and does not address the reason given by the ALJ. *Id.* Nevertheless, I will consider the same. The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal

3

picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were medical records in evidence from Dr. Wentworth and the ALJ properly considered and discussed the same. (ECF No. 7-2, pp. 18-19). Dr. Wentworth, however, never offered a medical opinion as to Plaintiff's functional abilities. As a result, the

ALJ properly did not weigh any opinion evidence as it relates to Dr. Wentworth. Therefore, I find no error in this regard.

With regard to Dr. Kreinbrook's opinions, an ALJ is not required to accept the treating physician's opinion uncritically. Rather, the ALJ must weigh all of the evidence of the record as set forth above. In this case, that is exactly what the ALJ did. (ECF No. 7-2, pp. 11-23). She reviewed all of the evidence and then properly assigned weight to the opinion evidence. For example, the ALJ went through the opinion of Dr. Kreinbrook explaining how his opinion was internally inconsistent and inconsistent with the more recent medical evidence of record. (ECF No. 7-2, p. 21). Consistency/inconsistency is a valid and acceptable reason for weighing opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Additionally, the ALJ noted that Dr. Kreinbrook's opinion was based on only four sessions and Plaintiff was non-complaint during that time. (ECF No. 7-2, p. 21). I find there is substantial evidence to support the ALJ's weighing of said opinion evidence. (ECF No. 7-2, pp. 11-23). Consequently, I find no error in this regard and remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANESSA STEELE,  )
      )
    Plaintiff,  )
      )
-vs- ) Civil Action No. 17-743
      )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
      )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 16th day of May, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

              BY THE COURT:

              s/ Donetta W. Ambrose
              Donetta W. Ambrose
              United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.